UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ETROY E. WILLIAMS,

        Plaintiff,

v.                                                                            Case No. 11-cv-12591
                                                                              HON. AVERN COHN
MICHAEL HUBBARD, JOHN WILLIAMS,
CLUB STATUS, ELITE EXECUTIVE
PROTECTION AGENCY, and
HEIDI WASHINGTON,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO AMEND COMPLAINT (Doc. 14)

### I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. As will be explained, the Court dismissed the complaint because it failed to state a claim. Doc. 13. Before the Court is plaintiff's motion for reconsideration and to amend the complaint. For the reasons that follow, the motion will be denied.

### II. Background

As explained in the dismissal order, plaintiff is a state prisoner at West Shoreline Correctional Facility in Muskegon Heights, Michigan. His complaint alleged that, on January 29, 2011, while plaintiff was serving a twenty-four month term of parole, defendants Michael Hubbard and John Williams searched plaintiff's vehicle and found a firearm and ammunition in the car. Hubbard and Williams were private security officers, and they reported the results of their search to the police. Plaintiff was then sent to the

Genesee County Jail and charged with violating the conditions of parole. The charges were dismissed without prejudice when Hubbard and Williams could not be located. On the following day, however, the charges were reinstated due to a federal detainer being lodged against plaintiff. Defendant Washington detained plaintiff after the parole violation charges were dismissed and sent plaintiff to a correctional facility even though he claims that he had not been convicted of any new charges, nor found guilty of violating the conditions of parole.

The Court dismissed defendants Hubbard and Williams from the lawsuit because there was no evidence that Hubbard and Williams acted under color of state law. The Court dismissed defendant Washington because plaintiff's allegations about her challenged the fact or duration of plaintiff's confinement and were not cognizable in a civil rights action. Finally, the Court dismissed Club Status and Elite Executive Protection Agency because plaintiff sued those defendants under a respondeat superior theory of liability.

In the motion for reconsideration, plaintiff says that the Court prematurely dismissed his complaint and that he should be permitted to amend the complaint. He wants to pursue his claims against Hubbard, Williams, and Washington.

### III.  Analysis

Plaintiff's motion for reconsideration is governed by this district's local rules, which require the movant to "show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." Indah v. United States Securities and Exchange Commission, __ F.3d __, __, Nos. 09-2117, 09-2570, 10-1477, and 10-1837, 2011 WL 3890226, at *7 (6th Cir. Sept. 6, 2011) (citing

what is now E.D. Mich. Local Rule 7.1(h)(3)).  "The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration."  Id.  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " United States v. Lockett, 328 F. Supp. 2d 682, 684 (E. D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E. D. Mich. 2001)).

### A.  Defendants Hubbard and Williams

The Court dismissed defendants Hubbard and Williams because plaintiff failed to show that the two security guards were licensed by the state and acted under color of state law.  Plaintiff claims that this was error because the statute does not require licensing of private security guards.

While it is true that security guards are not required to be licensed under state law, Mich. Comp. Laws § 338.1079(2), plaintiff continues to allege that Hubbard and Williams were private security guards.  *See* Mot. for Reconsideration, at 1.  Although he does argue that Hubbard and Williams were "willful participant(s) in joint activity with the State," see United States v. Price, 383 U.S. 787, 794 (1966), joint activity with the state occurs when a security guard detains a suspect for subsequent arrest by the police and

> the police arrest the suspect solely based on the security guard's request, without making an "independent investigation" of the matter.  A mere general understanding that security guards can call the police for assistance is insufficient to establish state action.  Rather, the police must allow the security guard's judgment about whether probable cause exists to be substituted for their own.

Fletcher v. Walmart Stores, Inc., No. 05 Civ. 1859, 2006 WL 2521187, at *3  (S.D. N.Y. Aug. 28, 2006) (unpublished) (citations omitted).

Plaintiff has not alleged or shown that the police failed to conduct their own investigation and substituted the security guards' judgment for their own. He has "failed to allege concerted activity with State officials which might make the security officers liable if they had been 'willful participant(s) in joint activity with the State or its agents.'" Iodice's Estate v. Gimbels, Inc., 416 F. Supp. 1054, 1055 (E.D. N.Y. 1976) (quoting Price, 383 U.S. at 794)). The Court therefore did not err when concluding that Hubbard and Williams were not state actors and could not be sued under 42 U.S.C. § 1983.

### B. Defendant Washington

Plaintiff implies that the Court erroneously dismissed defendant Washington on the ground that his allegations about Washington challenged the fact or duration of confinement and would be more appropriate in a habeas corpus petition. Plaintiff, however, alleged in his complaint that Washington failed to provide him with a proper notice of the federal detainer, thereby enabling the parole violation unit to hold him in prison even though he had not been found guilty of any parole violation charges. In his motion for reconsideration, plaintiff continues to seek to hold Washington responsible for holding him beyond his release date. He also alleges that Washington violated his right to a speedy trial on the parole revocation charges. These claims challenge the legality of plaintiff's confinement. The Court therefore did not commit a clear judgment of law by dismissing defendant Washington on the ground that the allegations against her would be more appropriate in a habeas corpus petition. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

### IV. Conclusion

     For all the reasons stated above, the Court was not misled by a palpable defect when it dismissed plaintiff's complaint.  Furthermore, federal district courts in this Circuit may not permit indigent prisoners to amend their complaints to avoid sua sponte dismissal of their complaints.  Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999); McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997).

     Accordingly, plaintiff's motion for reconsideration and to amend the complaint is DENIED.

     SO ORDERED.

                                       S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2011

I hereby certify that a copy of the foregoing document was mailed to Etroy Williams, 190376, West Shoreline Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 on this date, November 8, 2011, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager, (313) 234-5160